UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-06581-BFM **Date:** November 16, 2026

**Title:** *Galbaatar Bat Erdene v. Markwayne Mullin, et al.*

===========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| | |
|---|---|
| Christianna Howard | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Galbaatar Bat Erdene filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on November 5, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto Detention Facility. (Pet. ¶ 1.) He was most recently admitted to the United States, with his wife, in January 2019, on an F1 visa. (Pet. ¶ 2.) They filed asylum applications in April 2021. (Pet. ¶ 2.) Since 2019, Petitioner has planted roots in the United States with his wife and U.S. citizen son. (Pet. ¶ 23.) He has no criminal history. (Pet. ¶ 22.)

On October 3, 2026, Petitioner was arrested by ICE at the Los Angeles International Airport and has been detained in Adelanto ever since. (Pet. ¶ 22; ECF 7-1 at 4.) Petitioner alleges he received no pre-deprivation custody determination or notice of the reason for his detention. (Pet. ¶¶ 24-26.)

Petitioner filed this petition on November 5, 2026, asserting that procedural due process violations warrant his immediate release. (Pet. ¶¶ 4,

41-51.) Respondents filed a response, which only noted that Petitioner received a legally adequate bond determination and that Petitioner has not yet exhausted his administrative remedies as to that bond determination. (ECF 7 ("Answer") at 3-7; ECF 7-1 at 1.) Petitioner filed a Reply noting that Respondents did not substantively respond to his arguments. (ECF 8 ("Reply").) The matter is thus ready for decision.

## II. Analysis

Petitioner argues that his detention violates procedural due process and asks for release. (Pet. at ¶¶ 4, 41-51.) Respondents' arguments relate to an argument Petitioner did not make—a bond hearing claim—and did not substantively respond to the due process claim at all. (Answer at 3-7.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Respondents address the adequacy of the bond hearing, but do not address Petitioner's claims concerning his initial detention. (Answer at 3-7.) Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject the claim he *actually* made. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history

record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III. Conclusion

Accordingly, the Petition is **granted** as to Petitioner's due process claim (Pet. ¶¶ 41-51.) Petitioner Galbaatar Bat Erdene (A# 218-140-684) is ordered immediately released on reasonable conditions.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, counsel shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-06581-BFM **Date:** November 16, 2026

**Title:** *Galbaatar Bat Erdene v. Markwayne Mullin, et al.*

==========================================================

If Petitioner's counsel seeks EAJA fees, counsel must do so by filing a timely application.

Initials of Preparer: ch